(No. 89-CC-0060—)

BURNELL ROBINSON, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed August 8, 1991.*

BURNELL ROBINSON, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (DARRELL WILLIAMSON, Assistant Attorney General, of counsel), for Respondent.

## OPINION

BURKE, J.

Claimant, an inmate with the Illinois Department of Corrections, seeks damages from Respondent, State of Illinois, for the value of personal property claimed to have been lost by Claimant through the fault or neglect of Respondent or its agents. Claimant alleges a loss of $80.00.

The loss arises out of an incident which allegedly occurred on April 28, 1987. Claimant was incarcerated at Joliet Correctional Center and was returned from Joliet to the Will County jail on a writ. Claimant packed his personal property at the time he was moved. Subsequently, he was returned to Joliet and was not permitted to keep his personal property due to technicalities involved in the Claimant's case. When Claimant was returned to Joliet he was classified as a "new admittance," and as a new admittance, he could not take his personal property with him.

Claimant attached a copy of the list of his property to his complaint and the valuations of the property were the prices that he paid for them. Claimant testified that the majority of the property consisted of new items, but some of the clothing had been used.

After being told that he could not receive his property as a "new admittance," Claimant paid to have the property sent to his sister, Karen Robinson, at 253 North Ottawa Street, Joliet, Illinois. The State sent the property to a wrong address. Claimant was advised that he would have to pay additional funds to send the property to the correct address. Claimant had no funds to pay for the transfer. Thereafter, Claimant's property was destroyed. Claimant had 10 days to pay the money so that the State could remit the property to the correct address. The State advised Claimant that if he did not submit additional funds, the property would be destroyed. Claimant testified that members of his family attempted to obtain the property from the State without success.

Claimant sustained his burden of proof that his personal property was given to the exclusive possession of Respondent, and that its loss was directly and proximately the result of Respondent's failure to remit the items to the correct address.

Wherefore, it is hereby ordered that Claimant is awarded $80.00 in full and complete satisfaction of this claim.